# EXHIBIT A

## SUMMONS

| | |
|---|---|
| Attorney(s) | Toni L. Telles, Esq. |
| Office Address | 4 Echelon Plaza |
| | 201 Laurel Road, 8th Floor |
| Town, State, Zip Code | Voorhees, NJ 08043 |
| Telephone Number | (856) 433-6228 |
| Attorney(s) for Plaintiff | M. DaCosta and A. Zumba |

**Superior Court of New Jersey**

Essex COUNTY
LAW DIVISION

Docket No: ESX-L-005550-17

Mario DaCosta and Alexander Zumba

　　Plaintiff(s)

Vs.

Union County College; County of Union; and John Does 1-5 and 6-10

　　Defendant(s)

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

　　The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

　　If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

　　If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle Smith
Clerk of the Superior Court

DATED:　08/18/2017

Name of Defendant to Be Served:　Union County College; Administration

Address of Defendant to Be Served:　1033 Springfield Ave, Cranford, NJ 07016

Revised 11/17/2014, CN 10792-English (Appendix XII-A)



LAW OFFICES OF ERIC A. SHORE
By: Toni L. Telles, Esquire (#003552009)
4 Echelon Plaza
201 Laurel Road, 8th Floor
Voorhees, NJ 08043
(856) 433-6228
Attorneys for Plaintiffs

| | |
|---|---|
| MARIO DaCOSTA and ALEXANDRA ZUMBA,<br>Plaintiff,<br>v.<br>UNION COUNTY COLLEGE; COUNTY OF UNION; and JOHN DOES 1-5 and 6-10,<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ESSEX COUNTY<br>Civil Action<br>DOCKET NO. L 5550-17<br>COMPLAINT and JURY DEMAND |

Plaintiffs, Mario DaCosta and Alexandra Zumba, residing in the towns of Newark, Essex County, New Jersey and Elizabeth, Union County, New Jersey, respectively, by way of Complaint against the defendant, say:

### Preliminary Statement

This case is brought under the Conscientious Employee Protection Act ("CEPA"), as well as the New Jersey Wage and Hour Law ("NJWHL") and the Fair Labor Standards Act ("FLSA"), each of which prohibits retaliation and/or discharge of an employee for engaging in certain protected conduct, which includes making and/or filing a complaint of violations of the NJWHL and the FLSA. Plaintiffs are aware of the exclusivity provision on CEPA and will make their election of a remedy, as it pertains to the NJWHL claim, at the close of discovery, per

1

*Maw v. Advanced Clinical Communications, Inc.* 359 N.J. Super. 520 (App. Div. 2003), *rev'd on other grounds*, 179 N.J. 139 (2004).

### Identification of Parties

1. Plaintiff Mario DaCosta ("Mr. DaCosta") is a resident of the State of New Jersey and was, at all relevant times herein, an employee of Defendant.

2. Plaintiff Alexandra Zumba ("Ms. Zumba") is a resident of the State of New Jersey and was, at all relevant times herein, an employee of Defendant.

3. Defendant Union County College ("the College") is a public community College with headquarters in Cranford, New Jersey and was, at all relevant times herein, the employer of Plaintiffs, jointly and severally.

4. Defendant County of Union is a municipal entity responsible for the funding and administration of Union County College and was, at all relevant times herein, the employer of Plaintiffs, jointly and severally.

5. Defendant John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to Plaintiffs.

### General Allegations

6. Mr. DaCosta and Ms. Zumba began their employment with the College in September 2007 and January 2011, respectively.

7. Since Mr. DaCosta and Ms. Zumba began their respective employment at the College, both have worked in the chemistry labs.

18. Following this conversation, Mr. DaCosta and Ms. Zumba wrote an email to Dr. Margaret McMenamin, President of the College explaining the meeting with Dr. Jones, stating they felt belittled, ridiculed and that she refused to compensate them for time worked.

19. By doing so, Mr. DaCosta and Ms. Zumba engaged in "protected conduct" under CEPA, NJWHL and FLSA.

20. Dr. McMenamin instructed Mr. DaCosta and Ms. Zumba to go to the Director of Human Resources.

21. On or about January 10, 2017, Mr. DaCosta and Ms. Zumba spoke with Vincent Lotano, Director of Human Resources.

22. Mr. DaCosta and Ms. Zumba explained their meeting with Dr. Jones to Mr. Lotano, stating that they felt belittled, ridiculed and that she refused to compensate them for time worked.

23. By doing so, Mr. DaCosta and Ms. Zumba, again, engaged in "protected conduct" under CEPA, NJWHL and FLSA.

24. Mr. Vincent stated that he would look into it and get back to Mr. DaCosta and Ms. Zumba.

25. Mr. Vincent then instructed Mr. DaCosta and Ms. Zumba to e-mail him their time sheets, and he would compensate them for their time.

26. On or about January 12, 2017, Dr. Jones went to speak with Elgay Cesaire, an associate of Mr. DaCosta and Ms. Zumba, and instructed him not to assign any work to Mr. DaCosta and Ms. Zumba.

27. Mr. Cefaire informed Mr. DaCosta and Ms. Zumba of Dr. Jones' comment.

4

28. Mr. DaCosta and Ms. Zumba informed Mr. Lotano of the comment made by Dr. Jones.

29. Mr. Lotano replied that he would look into it.

30. Soon after, Mr. Lotano called Mr. DaCosta and Ms. Zumba and informed them that their positions were being evaluated.

31. On or about February 10, 2017, Mr. DaCosta and Ms. Zumba received voicemails informing them that their services were no longer needed.

32. Plaintiffs' termination was determined and/or motivated in part by, and causally connected to, their Complaint and/or disclosures regarding Defendants' refusal to compensate them for time worked.

33. Any other reason offered by the College is merely pretext.

## COUNT I

### FLSA RETALIATION

34. Plaintiffs hereby repeat and re-allege the preceding and succeeding paragraphs as though fully set forth herein.

35. Plaintiffs disclosed to Dr. Jones they were not being compensated for hours worked and complained to College President Dr. McMenamin and Director of Human Resources Mr. Lotano regarding Defendants' refusal to compensate them for time worked.

36. Plaintiffs thereby engaged in protected conduct as that phrase is understood within the meaning of the FLSA.

37. Plaintiffs subsequently suffered termination of their employment after engaging in protected conduct.

38. There exists a causal connection between the Plaintiffs' protected activity and their termination.

WHEREFORE, Plaintiffs demand judgment against the Defendants Union County College, County of Union and John Does 1-5 and 6-10, together with compensatory damages, punitive damages, costs of suit, attorney's fees and enhancements, interest and any other relief the court deems equitable and just.

## COUNT II

### NJWHL RETALIATION

39. Plaintiffs hereby repeat and re-allege the preceding and succeeding paragraphs as though fully set forth herein.

40. Plaintiffs disclosed they were not being compensated for hours worked to Dr. Jones and complained to the College President, Dr. McMenamin and Director of Human Resources, Mr. Lotano regarding Defendants' refusal to compensate them for time worked.

41. Plaintiffs thereby engaged in "protected conduct" as that phrase is understood within the meaning of the NJWHL.

42. Plaintiffs subsequently suffered termination of their employment after engaging in protected conduct.

43. There exists a causal connection between the Plaintiffs' protected activity and their termination.

WHEREFORE, Plaintiffs demand judgment against the Defendants Union County College, County of Union and John Does 1-5 and 6-10, together with economic compensatory damages, non-economic compensatory damages, consequential damages, punitive damages,

costs of suit, attorney's fees and enhancements, interest, equitable front pay, equitable back pay, equitable reinstatement, and any other relief the court deems equitable and just.

## COUNT III

### CEPA

44. Plaintiffs hereby repeat and re-allege the preceding and succeeding paragraphs as though fully set forth herein.

45. Plaintiffs disclosed to Dr. Jones, Dr. McMeniman and Mr. Lotano practices of the College that they reasonably believed to be illegal.

46. Plaintiffs complained to the College President, Dr. McMenamin and Director of Human Resources, Mr. Lotano regarding Defendants' refusal to compensate them for time worked.

47. Plaintiffs thereby engaged in "protected conduct" as that phrase is understood within the meaning of CEPA.

48. Plaintiffs subsequently suffered an adverse employment action, termination of their employment, after engaging in protected conduct.

49. There exists a causal connection between the Plaintiffs' protected activity and their termination.

WHEREFORE, Plaintiffs demand judgment against the Defendants Union County College, County of Union and John Does 1-5 and 6-10, together with economic compensatory damages, non-economic compensatory damages, consequential damages, punitive damages, costs of suit, attorney's fees and enhancements, interest, equitable front pay, equitable back pay, equitable reinstatement, and any other relief the court deems equitable and just.

## COUNT IV

## EQUITABLE RELIEF

50. Plaintiffs hereby repeat and reallege the preceding and succeeding paragraphs as though filly set forth herein.

51. Plaintiffs request this Court declare the practices stated herein to be a violation of CEPA, the NJWHL and/or the FLSA.

52. Plaintiffs requests equitable reinstatement, with equitable back pay, equitable front pay and all benefits received by Plaintiffs as a result of their employment equitably restored.

53. Plaintiffs requests Defendant purge their files of any reference to Plaintiffs' termination which this Court finds in violation of CEPA, the NJWHL and/or the FLSA.

54. Plaintiffs requests any other equitable relief this Court deems reasonable and just.

WHEREFORE, Plaintiffs demands judgment against the Defendants Union County College, County of Union and John Does 1-5 and 6-10, together with economic compensatory damages, non-economic compensatory damages, consequential damages, punitive damages, costs of suit, attorney's fees and enhancements, interest, equitable front pay, equitable back pay, equitable reinstatement, and any other relief the court deems equitable and just.

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby directed to preserve any and all physical, electronic and/or digital information or data pertaining in any way to Plaintiffs' employment, to Plaintiffs' allegations, causes of action or defense to Plaintiffs' allegations or causes of action as well as any and all evidence pertaining to any party or employee of any party, including but not limited to physical, electronic and/or digital data (electronically stored information), web pages, social media profiles, pages or identities, emails, voice messages, text messages, instant messages or

messaging systems, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

In terms of paper information, Defendant is directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files, pay stubs or duplicates, spreadsheets, lists, reports, documents, notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

### JURY DEMAND & TRIAL COUNSEL DESIGNATION

Plaintiffs hereby demand a trial by jury. Toni L. Telles, Esq. of the Law Office of Eric A. Shore is hereby designated trial counsel.

LAW OFFICES OF ERIC A. SHORE

Date: 7/20/17

By: _____
TONI L. TELLES, ESQUIRE
Attorneys for Plaintiff

## RULE 4:5-1 CERIFICATION

I, Toni L. Telles, hereby certify the following:

1. I am an attorney, licensed to practice law in the State of New Jersey and am responsible for the above-captioned matter.

2. To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time.

LAW OFFICES OF ERIC A. SHORE

Date: 7/20/17

By: _____
TONI L. TELLES, ESQUIRE
Attorneys for Plaintiff

m:\pi\zumba.dacosta\z complaint final.docx

10