NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO DACOSTA, et al.,<br><br>                      Plaintiffs,<br>v.<br><br>UNION COUNTY COLLEGE, et al.,<br><br>                      Defendants. | Civil Action No.: 17-6372 (CCC-JBC)<br><br>OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Union County College ("Defendant") to dismiss Count II of Mario DaCosta and Alexandra Zumba's ("Plaintiffs") Complaint. (ECF No. 1-1 ("Compl."); ECF No. 4-1 ("Mot.")). The Court has considered the submissions made in support of and in opposition to the instant motion. (ECF Nos. 9 ("Opp'n"), 10 ("Reply")). The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is **GRANTED**.

II. **BACKGROUND**

Plaintiffs originally brought this Complaint in the Superior Court of New Jersey, Law Division, Essex County on July 24, 2015, alleging, *inter alia*, violations of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* ("NJWHL"). Plaintiffs' claims essentially derive from their past employment with Defendant, from which they allege they were wrongfully terminated after they initiated complaints regarding refusal "to compensate them for time worked." (Compl. ¶ 18). Defendant, along with the non-moving defendants in this action, collectively removed this

1

matter to federal court on August 23, 2017. (ECF No. 1). Defendant then filed the instant motion to dismiss Count II of Plaintiff's Complaint, alleging that the provisions of the NJWHL are not applicable to government entities, including Union County College.

## III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions . . . will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV. **DISCUSSION**

The NJWHL provides that the term "employer" extends to "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." N.J.S.A 34:11-56a1(g). Moreover, the New Jersey Administrative Code clarifies that "the definition of the term 'employer' within N.J.S.A. 34:11–56a1 does not include government employers." N.J.A.C. 12:56-7.2(b); *see also Stewart v. Pemberton Twp.*, No. 14-6810, 2015 WL 5164717, at *3 (D.N.J. Sept. 2, 2015) (holding "that 'the definition of the term "employer" within N.J.S.A. 34:1156a1 does not include government employers' such as 'State, county and municipal employers'"). The Supreme Court of New Jersey has, additionally, upheld the Appellate Division's conclusion "that the Wage and Hour Law did not apply to the State because that statute does not include the State of New Jersey in the definition of 'employer.'" *Allen v. Fauver*, 768 A.2d 1055, 1057 (N.J. 2001) (quoting N.J.S.A. 34:11-56a1(g)).

Defendant therefore contends that, under the plain language of the statute and New Jersey precedent, Plaintiffs are barred from bringing claims under the NJWHL against Union County College, which is itself "a public entity established by the County of Union." (Mot. at 5). Plaintiffs, in response, argue that because "county colleges are *not* tantamount to county governments" under the New Jersey Supreme Court's holding in *Atlantic Community College v. Civil Service Commission*, 279 A.2d 820, 824 (N.J. 1971), Union County College is not a government entity which is immune from the scope of the NJWHL. The Court disagrees. While the Court concurs with Plaintiffs' contention "that county colleges [may] exist apart from, and independent in their internal affairs of the local county government," the Court fails to see how this distinction automatically renders Defendant a private employer subject to the NJWHL. *Atl.*

*Cmty. Coll.*, 279 A.2d at 824. Indeed, the Court in *Atlantic Community College* reaffirmed that, while county colleges may not be "agencies of county government . . . they are *separate political subdivisions* . . . apart from the governing bodies of the counties in which they are situated." *Id.* at 823 (emphasis added); *see also id.* at 825 (referring to county college as a "public body"). Accordingly, the Court finds that Defendant falls outside the scope of the NJWHL, and that Plaintiffs' claims against Defendant must fail.

## V. CONCLUSION

For the reasons stated above, the Court must dismiss Count II of Plaintiffs' Complaint.

Date: April 30, 2018

CLAIRE C. CECCHI, U.S.D.J.